# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

TRUMAN HOLT, Trustee for the  )
HOWARD FAMILY TRUST dated AUGUST )
21, 1998, and OSCAR BRANNON  ) Case No.: 2:15-cv-00407-GMN
HOWARD, III, beneficiary of the HOWARD )
FAMILY TRUST,  ) **ORDER**
  )
           Appellants,  )
  vs.  )
  )
GLOYD GREEN and GAIL HOLLAND,  )
  )
           Appellees.  )
  )

In this bankruptcy appeal, Appellant Howard Family Trust ("Appellant") seeks review under 28 U.S.C. § 158(a)(1) of an order entered by the United States Bankruptcy Court for the District of Nevada (the "Bankruptcy Court") denying Appellant's Motion for Remand and/or Abstention. Appellant asks the Court to reverse the Bankruptcy Court's Order. Appellant filed an Opening Brief (ECF No. 9). Appellees Gloyd Green and Gail Holland ("Debtors") filed an Answering Brief (ECF No. 10), and Appellant filed a Reply Brief (ECF No. 11).

**I.    BACKGROUND**

Debtors filed Chapter 11 bankruptcy on September 3, 2014. (Tr. of Mot. Hr'g 9:10–12, ECF No. 8-7). However, prior to Debtors' initiation of the bankruptcy proceedings, Appellant initiated a state court action (the "State Action") against Debtors on September 5, 2012. (Compl., ECF No. 8-2). In the State Action, Appellant asserted the following claims against Debtors: (1) unjust enrichment; (2) conversion; (3) embezzlement; (4) breach of fiduciary duty; (5) civil theft; (6) constructive fraud; (7) declaration of an equitable lien; (8) breach of constructive trust; (9) actual fraud; and (10) unfair and deceptive trade practice. (*Id.* ¶¶ 19–87).

Shortly before judgment was entered in the State Action, Debtors filed Chapter 11 bankruptcy. Subsequently, on December 11, 2014, Debtors initiated an adversary proceeding in the Bankruptcy Court by filing a complaint to remove the State Action. (Tr. of Mot. Hr'g 9:21–25). That same day, Appellant initiated an adversary proceeding in the Bankruptcy Court objecting to the discharge of their claims pursuant to 11 U.S.C. §§ 523 (a)(2), (a)(4), and (a)(6). (*Id.* 10:8–13). On December 30, 2014, Appellant filed a Motion for Remand and/or Abstention of the State Action, which was denied by the Bankruptcy Court at a hearing held on February 13, 2015 and in a written order on February 18, 2015. (*Id.* 10:14–18, 18:18–19; Order Den. Mot. for Remand and/or Abstention, ECF No. 9-1). On March 2, 2015, Appellant filed a Notice of Appeal, appealing from the Order Denying Motion for Remand and/or Abstention. (ECF No. 8)

## II.     LEGAL STANDARD

The Court reviews *de novo* the Bankruptcy Court's conclusions of law, "including its interpretation of the Bankruptcy Code." *In re Rains*, 428 F.3d 893, 900 (9th Cir. 2005). On appeal, a district court "may affirm, modify, or reverse a bankruptcy judge's judgment, order, or decree or remand with instructions for further proceedings." *E.g.*, *Cesar v. Charter Adjustments Corp.*, 519 B.R. 792, 795 (E.D. Cal. 2014). "Findings of fact, whether based on oral or documentary evidence, shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the bankruptcy court to judge the credibility of the witnesses." *Matter of Pizza of Haw., Inc.*, 761 F.2d 1374, 1379 (9th Cir. 1985). "The existence of subject-matter jurisdiction, the scope of a bankruptcy court's inherent authority, and the scope of its power to act under 11 U.S.C. § 105, are questions of law that we review *de novo*." *In re Johnson*, 346 B.R. 190, 193 (B.A.P. 9th Cir. 2006). "The issue of mandatory abstention turns upon the jurisdiction question and the construction of pertinent statutes and is therefore a

question of law subject to *de novo* review." *In re DeLorean Motor Co.*, 155 B.R. 521, 524 (B.A.P. 9th Cir. 1993).

### III. DISCUSSION

First, Appellant argues that the Bankruptcy Court made an error of law by asserting subject matter jurisdiction over the State Action. (Opening Br. 6:2–4, ECF No. 9). Second, Appellant argues that the Bankruptcy Court made an error of law when it held that mandatory abstention of the State Action was not required. (*Id.* 6:5–6).

**A. Subject Matter Jurisdiction**

"As set forth in § 157(a), Congress has divided bankruptcy proceedings into three categories: those that 'aris[e] under title 11'; those that 'aris[e] in' a Title 11 case; and those that are 'related to a case under title 11.'" *Stern v. Marshall*, 131 S. Ct. 2594, 2596 (2011). "Bankruptcy judges may hear and determine … all core proceedings arising under title 11, or arising in a case under title 11." 28 U.S.C. § 157(b)(1). However, in non-core proceedings, those that are related to a case under title 11, a bankruptcy judge may only "submit proposed findings of fact and conclusions of law to the district court." 28 U.S.C. § 157(c)(1). Section 157(b)(2) lists 16 categories of core proceedings.

Here, the Bankruptcy Court held that the claims in the State Action were core proceedings under, *inter alia*, 28 U.S.C. § 157(b)(2)(B), which provides for the "allowance or disallowance of claims against the estate or exemptions from property of the estate, and estimation of claims or interests … but not the liquidation or estimation of contingent or unliquidated personal injury tort or wrongful death claims against the estate." (Tr. of Mot. Hr'g 15:10–15, ECF No. 8-7). However, Appellant argues that the claims in the State Action are not core proceedings because the claims are "for personal injury torts based entirely on Nevada law." Specifically, Appellant argues as follows:

> Appellant concedes the Bankruptcy Court was correct when it said Appellant's claims against the Debtors "necessarily implicate

> allowance or disallowance of claims, and in particular and significantly, as well, dischargeability which are certainly core proceedings under 28 U.S.C. Section 157(b)(2)(B) and (I)" However, the Bankruptcy Court's role is limited as to whether to allow or disallow Appellant's claim, and to determine its dischargability, not as liquidator of the personal injury tort claims. Liquidation of the personal injury tort claim would be left to the state court, while the Bankruptcy Court would still reserve its traditional functions.

(Opening Br. 11:5–12).

Courts are split as to what constitutes a "personal injury tort" under 28 U.S.C. § 157(b). Courts adopting the narrowest definition of the term hold that a personal injury tort claim requires an actual physical injury. *See, e.g.*, *Massey Energy Co. v. W. Va. Consumers for Justice*, 351 B.R. 348, 351 (E.D. Va. 2006); *Perino v. Cohen (In re Cohen)*, 107 B.R. 453, 455 (S.D.N.Y. 1989). Courts adopting the most expansive definition of the term find that a personal injury tort claim is not limited to a claim involving bodily injury. *See, e.g.*, *Hansen v. Borough of Seaside Park (In re Hansen)*, 164 B.R. 482, 486 (D.N.J. 1994); *In re Erickson*, 330 B.R. 346, 349 (Bankr. D. Conn. 2005); *Rizzo v. Passialis (In re Passialis)*, 292 B.R. 346, 352 (Bankr. N.D. Ill. 2003). According to this view, the term "embraces a broad category of private or civil wrongs or injuries for which a court provides a remedy in the form of an action for damages, and includes damage to an individual's person and any invasion of personal rights, such as libel, slander and mental suffering." *Boyer v. Balanoff (In re Boyer)*, 93 B.R. 313, 317 (Bankr. N.D.N.Y. 1988) (citing Black's Law Dictionary 707, 1335 (5th ed.1979)).

Some courts have reached a middle ground between the narrow and expansive views by looking to whether a claim falls within the purview of a personal injury tort claim under the expansive view, yet retaining bankruptcy jurisdiction over the claim if it has "earmarks of a financial, business or property tort claim, or a contract claim." *In re Ice Cream Liquidation, Inc.*, 281 B.R. 154, 161 (Bankr. D. Conn. 2002); *Adelson v. Smith (In re Smith)*, 389 B.R. 902, 908 (Bankr. D. Nev. 2008). The middle ground encompasses torts involving bodily and

reputational harm, without including those personal injury torts designated by statute only. *Smith*, 389 B.R. at 908.  The *Smith* court found this approach the most appealing because "it is closely aligned with what are traditionally thought of as the 'common law torts;' and while it includes emotional and reputational harms, it does not go so far as to allow nonbankruptcy law to define certain torts as personal injury torts." *Id.*

Regardless of which approach the Court chooses, it is clear that the claims of the State Action cannot be classified as personal injury tort claims.  The claims of the State Action include unjust enrichment, conversion, embezzlement, breach of fiduciary duty, civil theft, constructive and actual fraud, declaration of an equitable lien, breach of constructive trust, and unfair and deceptive trade practice. (*See* Compl., ECF No. 8-2).  Because these claims have financial, business, property, and contract characteristics, they do not fall within the purview of personal injury tort claims under any of the three views explained above.  Accordingly, the Court affirms the Bankruptcy Court's finding that the claims removed from the State Action are core proceedings.

**B. Mandatory Abstention**

In cases related to—rather than arising under or arising in—the bankruptcy case, a district court shall abstain from hearing the action and remand the action back to state court. 28 U.S.C. § 1334(c)(2) ("with respect to which an action could not have been commenced in a court of the United States absent jurisdiction under this section, the district court shall abstain from hearing such proceeding if an action is commenced, and can be timely adjudicated, in a State forum of appropriate jurisdiction.").  Abstention is mandatory in cases where: (1) the motion to remand is timely; (2) the underlying complaint contains only state law claims; (3) the underlying complaint is a non-core proceeding merely "related to" the bankruptcy case; (4) there is a lack of independent federal jurisdiction; (5) the action was filed in state court; (6) the

state can timely adjudicate the action; and (7) the state court has jurisdiction. *See In re Kold*, 158 B.R. 175, 178 (C.D. Cal. 1993).

Here, because mandatory abstention requires a non-core proceeding, the Bankruptcy Court held that mandatory abstention could not apply. (Tr. of Mot. Hr'g 15:24–16:2). The Court agrees and affirms the Bankruptcy Court's findings and holding as to mandatory abstention.

### IV. CONCLUSION

**IT IS HEREBY ORDERED** that the Order Denying Appellant's Motion for Remand and/or Abstention is **AFFIRMED**.

**DATED** this __10__ day of March, 2016.

_____
Gloria M. Navarro, Chief Judge
United States District Judge